UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID EDWARDS,<br><br>  Plaintiff,<br><br>  v.<br><br>PANDA EXPRESS, INC., a California corporation; DOES I-XX, inclusive; ROE CORPORATIONS I-X, inclusive<br><br>  Defendants. | Case No. 2:24-cv-001029-EJY<br><br>**ORDER** |

**I.  Introduction**

Pending before the Court is Defendant's Motion for Summary Judgment ("MSJ"). ECF No. 16. In this very short MSJ there is neither a mention of the elements required to prove each cause of action alleged, nor an application of law to any claim asserted. *Id*. In sum, Defendant argues that because Plaintiff supposedly has no evidence to support causation, Defendant is entitled to judgment as a matter of law. Defendant makes this argument despite medical expert testimony opining that it is "[m]ore likely than not, and to a reasonable degree of medical probability, … [Plaintiff] experienced acute food poisoning from eating contaminated poultry at the Panda Express at Green Valley Station Casino." *Id*. at 3, 4-5. Plaintiff opposes Defendant's MSJ (ECF No. 17) arguing there is circumstantial evidence sufficient to establish a question of fact regarding the cause of the food poisoning at issue. *Id*. at 5-6. Plaintiff, like Defendant, does not address the elements of any of his claims other than causation. *See id*., *generally*.

**II.  Summary Judgment Standard**

Summary judgment is appropriately granted when the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

1

1    The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018). The Court views the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

**III.    Discussion**

To establish a claim of negligence, a plaintiff must demonstrate: "(1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages." *Scialabba v. Brandise Constr. Co.*, 921 P.2d 928, 930 (1996). To state a strict products liability claim, a plaintiff must show that "(1) the product had a defect which rendered it unreasonably dangerous, (2) the defect existed at the time the product left the manufacturer, and (3) the defect caused the plaintiff's injury." *Rivera v. Philip Morris, Inc.*, 209 P.3d 271, 275 (2009) (internal quotations omitted).

To ultimately prevail on a breach of express warranty claim, the plaintiff must prove: (1) the existence of an express warranty (an affirmative act or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain that the goods shall conform to the affirmation or promise); (2) affirmation of fact or promise by the seller to the buyer that relates to the goods described and becomes part of the bargain; (3) the goods must conform to the description by the seller; and (4) causation and damages. *See Radcliff v. Amiraslanov*, 381 P.3d 653, 653 (Nev. 2012) (citing NRS § 104.2313) ("[e]xpress warranties may be created by an affirmation of fact that relates to the goods or a description of the goods, where the information is made part of the basis of the bargain"). *See also Allied Fidelity Ins. Co. v. Pico*, 656 P.2d 849 (1983). An implied warranty claim is explained in NRS 104.2315, which states: "Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section[,] an implied warranty that the goods shall be fit for such purpose."

2

As stated above, a review of Defendant's MSJ demonstrates an absence of any mention, let alone discussion, of questions of fact applicable to Plaintiff's negligence, strict liability, breach of express warranty, or breach of implied warranty claims except as causation is applicable to each of these claims. Importantly, however, to defeat summary judgment and establish a question of fact regarding causation, Plaintiff does not need to prove a material issue of fact conclusively in his favor. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). Rather, Plaintiff defeats summary judgment when "the claimed factual dispute … [is] shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id*. (internal citation omitted).

Further, under Nevada law applicable to the case at bar, Plaintiff is not required to produce scientific evidence demonstrating proximate cause in order to establish the cause of his food poisoning. *Wilson v. Circus Circus Hotels*, 710 P.2d 77, 79 (Nev. 1985) (internal citation omitted).[1] Circumstantial evidence is sufficient to establish causation when Plaintiff's evidence "exclude[s] other extrinsic causes of" his illness. *Id.* (internal citation omitted). While Defendant is entitled to raise a Rule 50(a) motion for directed verdict at the conclusion of Plaintiff's case in chief, the Nevada Supreme Court decision in *Wilson* demonstrates that if Plaintiff is able to negate alternative theories of the source of his illness, there may be "sufficient [basis] to send the case to the jury for its evaluation of the evidence." *Id*. at 80.

Here, Defendant argues Plaintiff's testimony, together with the testimony of his expert, is insufficient to establish a question of fact regarding causation and, thus, summary judgment must be granted in its favor. However, and despite Defendant's contention to the contrary, the evidence is not merely that Plaintiff became sick subsequent to eating Panda Express food. The evidence Plaintiff offers and summarizes, as Defendant admits, arises from his testimony and the testimony of his expert. More specifically, Plaintiff's expert relied on timing of the illness, apparent evidence of undigested chicken suggesting "upper gastrointestinal tract motility" that was "dramatically slowed following ingestion of the Panda Express meal," and that Plaintiff had eaten no other food

---

[1] Plaintiff is reminded that in federal court, citations to cases arising from Nevada state courts are to be to the Pacific Reporter. LR IA 7-3(b).

after consuming the Panda Express food underlying his claims. ECF No. 16 at 3 *citing* expert testimony at 16-3. Plaintiff's expert further opined that "[u]nder usual circumstances, all food would have cleared the stomach within" eight hours following ingestion. *Id*. Finally, the expert offered his medical opinion regarding the pathogen that likely caused Plaintiff's symptoms. *Id*. at 4.

Not only is this circumstantial evidence of causation, but Defendant's arguments add to the questions of fact. Indeed, Defendant's argument demonstrates some factual confusion precluding summary judgment. The selected portions of Plaintiff's deposition attached to Defendant's MSJ were reviewed by the Court. ECF No. 16-4. The testimony provides an incomplete timeline of Plaintiff's arrival in Las Vegas, renting a vehicle, and stay at Green Valley Ranch. *Id.* This testimony offers some evidence that would eliminate alternative theories regarding the source of Plaintiff's illness. *See id*. at 3-5 (Plaintiff used an antiseptic wipe to clean his rental vehicle before driving it; Plaintiff did not consume alcohol; the only food Plaintiff ate before the Panda Express food Plaintiff claims made him ill was breakfast at least 11 hours earlier in the day). In addition to this unrefuted evidence, in its MSJ Defendant cites to Plaintiff's deposition in which Plaintiff is asked and confirms he ate breakfast at approximately **6 a.m. December 21, 2021** while at Green Valley Ranch. ECF No. 16 at 4 *citing* ECF No. 16-4 at 6-7. Defendant also states—without disputing this fact—that Plaintiff ate dinner at Panda Express at approximately **5 p.m. on December 22, 2021**—approximately 1.5 days later. ECF No. 16 at 2 *quoting* Plaintiff's Complaint (ECF No. 1-2) ¶¶ 14-15. Defendant then appears to set aside this assertion, and states Plaintiff ate dinner at Panda Express on the **same day** he ate breakfast—that is, December 21, 2021. *Id*. at 4 *citing* ECF No. 16-4 at 7. There appears to be no dispute that Plaintiff did not first become ill until a few hours after he ate dinner at Panda Express. ECF No. 16 at 2 *citing* Plaintiff's Complaint (ECF No. 1-2) ¶ 15. When Plaintiff's evidence is considered together with the inconsistencies upon which Defendant's MSJ relies, the Court finds Defendant fails to carry the burden of eliminating a question of material fact regarding the cause of Plaintiff's illness.

The Ninth Circuit makes clear that the moving party must establish there is no genuine issue of material fact and an entitlement to judgment as a matter of law. Fed. R. Civ. P. 56. When there is a lack of clarity regarding evidence on which the moving party relies, and the non-moving party

4

offers sufficient evidence to support (albeit not necessarily to prove) the element of the claim the defendant contends cannot be proven, summary judgment is not properly granted. *Celotex*, 477 U.S. at 323. The evidence set forth in Defendant's MSJ does not establish the absence of a genuine issue of fact such that as a matter of law the Court can grant judgment in Defendant's favor. A jury will have to evaluate the evidence for purposes of determining in whose favor this case should be decided.

### IV.   Order

Accordingly, IT IS HEREBY ORDERED that Defendant Panda Express' Motion for Summary Judgment (ECF No. 16) is DENIED.

IT IS FURTHER ORDERED that the parties must submit a proposed joint pretrial order no later than **September 30, 2025**.

Dated this 20th day of August, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE